# IN THE UNITED STATES BANKRUPTCY COURT
# OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARANDELL KENTUCKY, LLC,<br><br>         Debtor. | Chapter 7<br><br>Case No. 20-11943 (JTD)<br><br>Hearing Date: 3/2/21 @ 1:00 p.m.<br>Objection Deadline: 2/23/21 @ 4:00 p.m. |

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT OF ESTATE CLAIMS AGAINST STAG INDUSTRIAL HOLDINGS, LLC PURSUANT TO FED. R. BANKR. P. 9019

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of the above-captioned debtor (the "Debtor") hereby moves this Court, pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"), for entry of an Order Approving the Stipulation (the "Stipulation") by and among the Trustee, on behalf of the Debtor's estate, and STAG Industrial Holdings, LLC ("STAG"), and in support thereof, states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3.    On August 13, 2020 (the "Petition Date"), the Debtor and its affiliates filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, (the "Court"). On November 4, 2020, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code.

4.    David W. Carickhoff has been duly appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded.

5.    The Debtor subleased certain premises located at 125 Richwood Road, Walton, Kentucky (the "Leased Premises") from Trend Offset Printing Services, Inc. ("Trend") under a sublease agreement dated March 19, 2018 (the "Sublease"). STAG owns the fee title to the Leased Premises and leases such Leased Premises to Trend.

6.    To the extent not terminated pre-petition or pre-conversion, the Sublease is deemed to be rejected by operation of section 365(d)(4) of the Bankruptcy Code.

7.    STAG and Debtor were parties to a condemnation action with the Commonwealth of Kentucky Transportation Cabinet Department of Highways (the "Highway Department") in connection with highway construction plans adjacent to the Leased Premises. The parties to the condemnation action reached a settlement. Under the settlement, $1,750,000 (the "Allowance") was to be applied toward certain permanent improvements to the Leased Premises in accordance with the terms and conditions of that certain Allowance Disbursement Agreement, dated as of March 3, 2020 (the "Disbursement Agreement"), by and between STAG and Debtor.

8.    The Debtor and STAG established an escrow account (the "Escrow") to hold the

Allowance. Commonwealth Land Title Insurance Company is acting as the escrow agent (the "Escrow Agent") under the Escrow

9. Under the Disbursement Agreement, $1,000,000 of the Allowance was to be disbursed to Debtor monthly in increments of $41,666.66 (or $41,666.67) subject to Debtor's satisfaction of certain conditions as more fully set forth in the Disbursement Agreement. The $750,000 balance of the Allowance was to be disbursed to Debtor upon completion of certain specific improvements. If the conditions were not satisfied timely or could no longer be satisfied, the escrowed funds would be released back to STAG.

10. Pursuant to the Disbursement Agreement, the first four monthly payments were disbursed to Debtor (March, April, May and June 2020). However, due to Debtor's failure to satisfy the conditions under the Disbursement Agreement, monthly payments ceased in July 2020.

11. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records, pre-Petition Date transfers and investigated potential causes of action and claims belonging to the Debtor's estate, including, but not limited to, possible claims for: avoidance of fraudulent and/or preferential transfers in excess of $170,277 made during the 90-day period prior to the Petition Date, pursuant to sections 547, 548 and 550 of the Bankruptcy Code (the "Estate Claims"). STAG vigorously denies and opposes such claims.

12. As a result of arms' length negotiations, and to avoid the delay and cost of litigation, the Trustee and STAG reached a resolution of any and all claims between them, including disputes regarding the Estate Claims, on the terms and conditions set forth below and in the Stipulation which is attached hereto as **Exhibit 1**.

## THE STIPULATION

13. Below is a summary of the terms of the Stipulation, a complete copy of which is attached hereto as **Exhibit 1**.[1]

14. The Stipulation provides for the full satisfaction and release of the Estate Claims against STAG in exchange for payment of $41,666.67 (the "Settlement Payment"), which amount shall be paid from the Escrow. Upon the Trustee's receipt of the Settlement Payment in full, all claims between STAG and the Debtor's estate will be released and discharged.

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks approval, pursuant to Bankruptcy Rule 9019, of the Stipulation with STAG.

16. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider the following four factors: "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv)

---

[1] The terms of the Stipulation summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Stipulation with STAG. In the event that there are any inconsistencies between this summary and the actual terms of the Stipulation, the language set forth in the Stipulation shall control.

the paramount interest of the creditors." *Id*. *See also In Key3Media Grp., Inc*., 336 B.R. 87, 93 (Bankr. D. Del. 2005) (explaining that, in determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value of the estate of the acceptance of the compromise proposal").

18.     It is well-established that a settlement proponent need not convince the court that the settlement is the best possible compromise, but only that the settlement falls "within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp*., 398 B.R. 816, 833 (Bankr. D. Del. 2008); *see also In re W.R. Grace & Co*., 475 B.R. 34, 77-78 (Bankr. D. Del. 2012) ("In analyzing the compromise or settlement agreement under the Martin factors, courts should not have a mini-trial on the merits, but rather should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." (citations and internal quotation marks omitted)).

19.     A review of the four *Martin* factors demonstrates that the settlement with STAG should be approved.  The Trustee invested significant time and effort in analyzing the Estate Claims and considered the defenses asserted by STAG.  Moreover, the settlement was reached after significant negotiations between the parties.  Based on the foregoing considerations, and the facts set forth herein, the Trustee respectfully submits that the Stipulation represents a fair and reasonable compromise that is in the best interest of the Debtor's estate.

20.     The Trustee believes that the outcome of any litigation against STAG is uncertain at best.  STAG vigorously opposes the Estate Claims and is well represented.  Absent entry into the Stipulation, the Trustee would face significant and uncertain litigation.

21. Moreover, litigating such issues to finality would be costly and time consuming. Expenses incurred in prosecuting such uncertain litigation would diminish any recovery that the estate's creditors might receive.

22. Finally, the Trustee firmly believes that the Stipulation is in the best interest of the Debtor's creditors and estate, especially in light of the substantial defenses raised or that could be raised by STAG. The Trustee, on behalf of the Debtor's estate, is receiving payment $41,666.67 and waiver of STAG's claims, in exchange for the waiver of uncertain litigation. This resolution has been reached after arm's length negotiations.

23. The Trustee submits that the settlement (a) is a reasonable compromise in light of the competing arguments, (b) represents, in the Trustee's business judgment, the most efficient and value-maximizing resolution of the Estate Claims, (c) was negotiated at arm's length and in good faith between the Trustee and STAG, and (d) is in the best interests of the Debtor's estate and its stakeholders. The Trustee respectfully requests that the Court approve the Stipulation as a reasonable exercise of his business judgment and authorize the Trustee to proceed with implementing the Stipulation's terms.

## NOTICE

24. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have requested notice in the chapter 7 cases pursuant to Bankruptcy Rule 2002; (c) STAG, by its counsel; and (d) the Escrow Agent. Such notice is reasonable in light of the circumstances of these chapter 7 cases and the nature of the relief sought herein.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, approving the Stipulation, and granting such other and further relief as the Court deems just and equitable.

Dated:  February 9, 2021

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
Tel: (302) 777-4350
Fax: (302) 777-4352
Email:  dcarickhoff@archerlaw.com

*Chapter 7 Trustee*

218037974v2