# **EXHIBIT 1**

**Stipulation**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ARANDELL KENTUCKY, LLC, | ) | Case No. 20-11943 (JTD) |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**STIPULATION BY AND BETWEEN TRUSTEE AND
STAG INDUSTRIAL HOLDINGS, LLC
REGARDING RELEASE OF ESCROWED FUNDS**

This Stipulation (hereinafter the "**Stipulation**") is made as of this 9th day of February, 2021, by and between David W. Carickoff, Jr., in his capacity as the Chapter 7 Trustee (the "**Trustee**") of Arandell Kentucky, LLC (the "**Debtor**"), on the one hand, and STAG Industrial Holdings, LLC ("**STAG**"), on the other hand. The Trustee and STAG may be referred to hereinafter collectively as the "Parties."

## RECITALS

WHEREAS, the Debtor subleased certain premises located at 125 Richwood Road, Walton, Kentucky (the "**Leased Premises**") from Trend Offset Printing Services, Inc. ("**Trend**") under a sublease agreement dated March 19, 2018 (the "**Sublease**"). STAG owns the fee title to the Leased Premises and leases such Leased Premises to Trend.

WHEREAS, STAG and Debtor were parties to a condemnation action with the Commonwealth of Kentucky Transportation Cabinet Department of Highways (the "**Highway Department**") in connection with highway construction plans adjacent to the Leased Premises. The parties to the condemnation action reached a settlement.

WHEREAS, under the settlement, $1,750,000 (the "**Allowance**") was to be applied toward certain permanent improvements to the Leased Premises in accordance with the terms and conditions of that certain Allowance Disbursement Agreement, dated as of March 3, 2020 (the "**Disbursement Agreement**"), by and between STAG and Debtor.

WHEREAS, the Parties established an escrow account (the "**Escrow**") to hold the Allowance. Commonwealth Land Title Insurance Company is acting as the escrow agent (the "**Escrow Agent**") under the Escrow.

WHEREAS, under the Disbursement Agreement, $1,000,000 of the Allowance was to be disbursed to Debtor monthly in increments of $41,666.66 (or $41,666.67) subject to Debtor's satisfaction of certain conditions as more fully set forth in the Disbursement Agreement. The

$750,000 balance of the Allowance was to be disbursed to Debtor upon completion of certain specific improvements. If the conditions were not satisfied timely or could no longer be satisfied, the escrowed funds would be released back to STAG.

WHEREAS, pursuant to the Disbursement Agreement, three disbursements totaling $250,000.01 were made to the Debtor from the Escrow prior to the Petition Date (as defined below). However, due to Debtor's failure to satisfy the conditions under the Disbursement Agreement, monthly payments ceased in July 2020.

WHEREAS, on August 13, 2020 (the "**Petition Date**"), the Debtor and its affiliates filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware, (the "**Bankruptcy Court**"). On November 4, 2020, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code and the Trustee was thereafter duly appointed.

WHEREAS, to the extent not terminated pre-petition or pre-conversion, the Sublease was deemed to be rejected by operation of section 365(d)(4) of the Bankruptcy Code.

WHEREAS, the Trustee has raised potential claims against STAG, including chapter 5 causes of action. STAG vigorously opposes such claims.

WHEREAS, to avoid the delay and cost of litigation, the Parties resolved their issues on the terms and conditions set forth herein.

WHEREAS, the Trustee and STAG have negotiated and reached this Stipulation in good faith.

## THE STIPULATION

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein to the Trustee for the benefit of the chapter 7 estate, which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Stipulation, it is hereby agreed by the Parties as follows:

1. <u>Disbursements from Escrow</u>. The Trustee and STAG hereby jointly instruct the Escrow Agent to release any and all funds in Escrow, less any fees or reimbursement of expenses owed to the Escrow Agent under the Escrow Agreement, as follows: $41,666.67 to the Trustee, $1,500 to the Escrow Agent for accrued fees, and the balance of the funds in Escrow (estimated to be $1,456,833.32) to STAG. Each Party will provide the Escrow Agent with its wiring instructions for the release and delivery of its share of the funds in Escrow. After the funds in Escrow are released to the Parties in accordance with this Stipulation, the Escrow will be deemed to be terminated.

2. <u>Stay</u>. The automatic stay under section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified without further order of the Bankruptcy Court to permit the release of the funds in Escrow on the terms and conditions set forth in this Stipulation.

3. <u>Release by Trustee</u>: The Trustee, for himself and on behalf of the Debtor's estate, hereby releases and forever discharges STAG, its predecessors, successors and assigns, and STAG's agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives (solely in their capacity as such) (collectively, "**STAG's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against STAG or STAG's Released Affiliates, including any claim or cause of action for avoidance or recovery under chapter 5 of the Bankruptcy Code or state law to the extent applicable under section 544 of the Bankruptcy Code. This release shall not release or waive any of the Trustee's agreements and obligations under this Stipulation.

4. <u>Release by STAG</u>: STAG hereby releases and forever discharges (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (solely in their capacity as such) (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that STAG made, could have made, or is able to make against the Trustee, or the Estate, or the Trustee's Released Affiliates. This release shall not release or waive any of the STAG's agreements and obligations under this Stipulation. For the avoidance of doubt, nothing herein shall release, waive or discharge any claim or cause of action that STAG may have against Trend relating to or arising out of STAG's lease arrangements with Trend.

5. <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Stipulation, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Stipulation and all matters covered by and relating to it, (iii) they have entered into this Stipulation for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this Stipulation.

6. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to this Stipulation and the matters settled by this Stipulation.

7. <u>Entire Stipulation</u>: This Stipulation constitutes the entire Stipulation with respect to the subject matter addressed herein and supersedes any prior written and/or verbal Stipulations between the Parties.

8. <u>Amendments</u>: This Stipulation may not be orally modified. This Stipulation may only be modified in a writing signed by all of the Parties.

9. <u>Headings</u>: All headings and captions in this Stipulation are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Stipulation.

10. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary.

11. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Stipulation, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

12. <u>Jurisdiction</u>: By this Stipulation, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation.

13. <u>Counterparts and Facsimile Signatures</u>: This Stipulation may be executed in counterparts and all such counterparts when so executed shall together constitute the final Stipulation as if all of the Parties had signed one document. This Stipulation may be executed by facsimile or PDF copy (including a PDF or Docusign signature) and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

14. <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Stipulation, including the release of funds from Escrow or as may be requested by Escrow Agent, such Party will execute and deliver such document or documents as so requested.

15. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Stipulation, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

16. <u>Applicable Law</u>: This Stipulation shall be construed and interpreted in accordance with the laws of the Commonwealth of Kentucky. This Stipulation shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation under seal on the day and year set forth above.

**The Bankruptcy Estate of Arandell Kentucky, LLC**

By: _____

Name: David W. Carickoff

Title: Chapter 7 Trustee

**STAG Industrial Holdings, LLC**

By: _____
    Alan H Simmons (Feb 9, 2021 12:51 EST)

Name: Alan H. Simmons

Title: Assistant Secretary

220311218v1